IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580,<br><br>          Plaintiff,<br>   v.<br><br>STAR PIPE PRODUCTS, LTD.,<br>4018 Westhollow Parkway<br>Houston, TX 77082<br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR CIVIL PENALTIES PURSUANT TO
SECTION 5(*l*) OF THE FEDERAL TRADE COMMISSION ACT**

Plaintiff, the Federal Trade Commission ("FTC"), by its undersigned attorneys, alleges as follows:

**INTRODUCTION, JURISDICTION AND VENUE**

1. Plaintiff brings this action under Sections 16(a)(1) and 5(*l*) of the Federal Trade Commission Act, as amended, 15 U.S.C. §§ 56(a)(1) and 45(*l*), for civil penalties and other equitable relief for violations of a final order to cease and desist issued by the Federal Trade Commission.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 45(*l*) and 28 U.S.C. §§ 1331, 1337 (a), 1345 and 1355.

3. Venue is properly based in this District by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

4. Defendant Star Pipe Products, Ltd. ("Star Pipe") is a limited partnership organized and existing under the laws of the State of Texas with its principal place of business located at 4018 Westhollow Parkway, Houston, Texas 77082. Star Pipe is and has been at all times pertinent to this proceeding engaged in the manufacture and distribution of iron products for the water and wastewater industry. Star Pipe, at all times relevant to this proceeding, has been engaged in commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*), authorizes this Court to award monetary civil penalties, to grant mandatory injunctions, and to order such other and further equitable relief as appropriate for each violation of a Final Order of the FTC. The Court may award a civil penalty for each violation, or for each day of a continuing violation. Pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. §2461), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, the maximum civil penalty for violations occurring on or after February 10, 2009, is $16,000 per violation, or per day of a continuing violation.

## PRIOR FTC PROCEEDING

6. This complaint alleges violations of the final order issued against Star Pipe by the FTC on May 8, 2012, in *In the Matter of McWane, Inc., and Star Pipe Products, Ltd.*, 2012-2 Trade Cases ¶78,061 (Aug. 9, 2012).

7. In that case, the FTC issued an administrative complaint alleging that Star Pipe and others violated Section 5 of the FTC Act, 15 U.S.C. § 45.

8. The administrative complaint alleged that Star Pipe, along with its competitors Sigma Corporation ("Sigma"), and McWane, Inc.("McWane"), conspired to raise and stabilize the

2

prices at which ductile iron pipe fittings ("DIPF") are sold in the United States. The administrative complaint further alleged that McWane, Sigma, and Star Pipe exchanged sales data in order to facilitate this price coordination. The behavior, as alleged in the administrative complaint, constituted a violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

9. Prior to the filing of the administrative complaint against Star Pipe and McWane, Sigma entered into an Agreement Containing Consent Order to settle the matter. The Commission placed the Agreement on the public record for receipt of comments on January 4, 2012, and issued the Consent Order against Sigma on February 27, 2012, *In the Matter of Sigma Corp.*, FTC Docket No. C-4347, (2012).

10. The FTC issued its administrative complaint against Star Pipe and McWane on January 4, 2012. Star Pipe denied the allegations of the administrative complaint, but agreed to settle shortly after the administrative complaint was issued. On February 23, 2012, prior to the taking of testimony, the FTC issued its order withdrawing all claims in the administrative complaint against Star Pipe for the purpose of considering a proposed consent agreement. On March 26, 2012, the FTC placed the Agreement Containing Consent Order reached with Star Pipe on the public record for receipt of comments; and on May 8, 2012, the FTC issued its Final Order ("Order") against Star Pipe. The Order was served upon Star Pipe and became final on May 14, 2012, and is now and has been at all times since May 14, 2012, in full force and effect. On May 21, 2012, the FTC issued its order permanently withdrawing all claims against Star Pipe from adjudication.

11. In addition to prohibiting the illegal conduct alleged in the FTC's administrative complaint, the Order contains additional requirements.

12. Paragraph II.B. prohibits Star Pipe, with regard to DIPF, from "entering into, adhering to, participating in, maintaining, organizing, implementing, enforcing, or otherwise facilitating any combination, conspiracy, agreement, or understanding between or among any competitors to communicate or exchange competitively sensitive information." The Order defines "communicate" to mean any transfer or dissemination of any competitor's information regarding the "cost, price, output, or customers of or for DIPF." The Order defines "competitively sensitive information" to mean "any information regarding the cost, price, output, or customers of or for DIPF" marketed by Star Pipe or any of its competitors, whether the information is prospective, current or historical, or aggregated or disaggregated.

13. Paragraph II.E, *inter alia*, prohibits Star Pipe from attempting to engage in any of the activities prohibited by Paragraph II.B.

14. Paragraph IV.A. of the Order requires Star Pipe, within sixty (60) days from the date the Order becomes final, to "distribute by first-class mail, return receipt requested, or by electronic mail with return confirmation, a copy of this Order with the Complaint, to each of its officers, directors, and Designated Managers."

15. Paragraph IV.C. of the Order requires any person receiving the distribution required by Paragarph IV.A. to sign and submit to Star Pipe a statement confirming that the distribution was read and understood and "that non-compliance with the Order may subject Respondent to penalties for violation of the Order." On July 4, 2012, Daniel W. McCutcheon, who was at the time and continues to be, President of Star Pipe, submitted a return email acknowledging receipt of the required distribution.

16. Paragraph V. of the Order requires Star Pipe for five years to file annual verified written reports of compliance with the Order. Paragraph V.D. specifies that such reports are to

4

include a detailed description of the manner and form in which Star Pipe has complied and is complying with the Order.

17. On or about May 10, 2013, May 12, 2014, and May 13, 2015, Star Pipe submitted the required annual reports of compliance to the FTC. These reports did not inform the FTC that Star Pipe was receiving competitively sensitive information from a competitor.

## VIOLATIONS ALLEGED

### FIRST COUNT

<u>Star Pipe Violated Paragraph II.E. of the Order by Attempting to Participate in an Understanding Between Competitors to Communicate Competitively Sensitive Information</u>

18. Plaintiff realleges and incorporates by reference paragraphs 1 to 17, *supra.*

19. Beginning on or about August 17, 2012, an independent sales representative for Sigma, a Star Pipe competitor, began forwarding, without the knowledge of Sigma, to Star Pipe's National Market Manager at his Star Pipe email address confidential DIPF information that the agent received in the course of his work for Sigma. The independent sales representative's email specifically noted the confidential status of the information being sent.

20. This information sent to Star Pipe included, *inter alia*, the identity of all customers in that sales representative's region and their purchases for the day prior to issuance of the report. For each item sold to each customer, the reports included the item, the quantity sold, the profit margin and the multiplier applied to calculate the price. Although each competitor for the sale of DIPF periodically publishes and disseminates a "multiplier" (a percentage of the list price) that it anticipates applying to determine pricing, the Sigma multiplier sent to Star Pipe was the multiplier actually applied to each customer's particular sale, a highly confidential number and one determined only through customer negotiations.

21. Sigma's independent sales representative continued until July 2, 2013, to forward, without Sigma's knowledge, Sigma's competitive information to Star Pipe's National Market Manager at his Star Pipe email.

22. Star Pipe's National Market Manager forwarded at least five of the emails containing Sigma's competitive information to his private email account and then forwarded at least four of those emails with Sigma's competitive information from his private email account to the private email account of Star Pipe's President.  Star Pipe's President reviewed Sigma's competitively sensitive information after he received each email.  Star Pipe's President knew that Star Pipe's National Market Manager had received Sigma's competitively sensitive information from Sigma's independent sales representative.

23. The conduct alleged in Paragraphs 18 – 22 inclusive violated Paragraph II.E. of the Order.

24. Star Pipe was continuously in violation of Paragraph II.E. of the Order from at least August 17, 2012, until at least July 2, 2013.

## SECOND COUNT

Star Pipe Violated Paragraph V. of the Order By Filing Incomplete Compliance Reports

25. Plaintiff realleges and incorporates by reference paragraphs 1 to 17, *supra*.

26. Since entry of the Order, Star Pipe never informed the FTC that it had been receiving a competitor's competitively sensitive information.  During this time, Star Pipe has filed three annual reports of compliance, none of which contained information relating to emails containing competitively sensitive information sent by Sigma's agent to Star Pipe's National Market Manager; nor did Star Pipe inform the FTC that some of this information also had been forwarded to Star Pipe's President.

27. Star Pipe was continuously in violation of the Paragraph V. of the Order from at least August 17, 2012, until the present.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

28. That the Court adjudge and decree that Defendant Star Pipe violated Paragraph II.E. of the Order for each day it was in receipt of Sigma's competitively sensitive information from August 17, 2012, until July 2, 2013;

29. That the Court adjudge and decree that Defendant Star Pipe violated Paragraph V. of the Order each day since August 17, 2012, by failing to notify the FTC of its receipt of Sigma's competitively sensitive information;

30. That the Court enter judgment against Star Pipe for an appropriate civil penalty as provided by law, 15 U.S.C. § 45(*l*), and the Debt Collection Improvement Act of 1966, Pub. L. 104-134 § 31001(s)(amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C.§ 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98;

31. That Plaintiff have such other and further relief as the Court may deem just and proper; and

32. That Plaintiff be awarded its costs of this suit.

Dated: April 25, 2016

FOR THE PLAINTIFF FEDERAL
TRADE COMMISSION:

_____
Anne R. Schenof
Bureau of Competition
D.C. Bar No. 185454

_____
Deborah L. Feinstein
Director
Bureau of Competition
D.C. Bar No. 412109

_____
Thomas H. Brock
Bureau of Competition
D.C. Bar No. 939207

_____
Marian R. Bruno
Deputy Director
D.C. Bar No. 414126

_____
Daniel P. Ducore
Assistant Director
Bureau of Competition
D.C. Bar No. 933721